# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

AMBROSE MORAGA,

      Plaintiff,

v.                                       Civil No. 00-1340 JP/WWD

LARRY G. MASSANARI,
Acting Commissioner of the
Social Security Administration,

      Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing, filed February 22, 20012/23 (**Doc. 5**).[1] Plaintiff is currently 38 years old, has a high school education, and past relevant work experience as a hod carrier. He injured his back in 1988 while attempting to set a horse trailer onto the towing hitch of a truck. Mr. Moraga last worked in 1988.

    2. Mr. Moraga was first denied benefits in May 1996. Tr. at 11-17. This case was appealed to the United States District Court, District of New Mexico, which remanded the case to the Commissioner on June 3, 1998, instructing the Commissioner to reconsider Plaintiff's residual functional capacity ("RFC"). In the decision following remand dated March 26, 1999, the Administrative Law Judge ("ALJ") found that Plaintiff was entitled to a closed period of disability

---

[1] The motion package was actually filed with the Court on May 8, 2001, although the motion was served on February 22, 2001.

from his alleged onset date of December 14, 1988 through May 31, 1994, but not thereafter. Tr. at 166-171. Plaintiff was denied review by the Appeals Court of this decision. Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. §405(g).

3. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

4. Plaintiff raises the following allegations of error with respect to the ALJ's decision: (1) the ALJ failed to develop the record; (2) the ALJ failed to conduct an appropriate analysis of Plaintiff's pain condition; (3) the ALJ failed to apply the medical improvement standard to Plaintiff without substantive medical evidence to support his conclusion; (4) the ALJ failed to accurately determine claimant's RFC according to SSR 96-8p; (5) the ALJ erred in relying on the medical-vocational grids when they were inapplicable due to Plaintiff''s severe pain; (6) the ALJ failed to seek a vocational expert's opinion regarding Plaintiff's work capabilities when it was necessary; and (7) the ALJ improperly assessed Plaintiff's credibility.

5. "To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson at 1486 (citing 42 U.S.C. §423 (d)(1)(A)) and §1382c(a)(3)(A)). Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. Id.; see 20 C.F.R. §§ 404.1520(a - f); 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. Id. (citations omitted).

6. The Medical-Vocational Guidelines ("grids") are used at the fifth step in the sequential analysis to determine whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. The grids reflect the existence of jobs in the national economy at various residual functional capacity ("RFC") levels by incorporating administrative notice of occupational publications and studies. 20 C.F.R. §§404.1566(d); 416.966(d). This aids the Commissioner in determining what specific job types in the national economy the claimant can perform. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §2000(e)(2).

**First Alleged Error**

7. Plaintiff alleges that the ALJ failed to develop the record. The ALJ has a "basic obligation . . . to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. Unites States Dep't of Health & Hum. Serv., 13 F.3d 359, 360-61 (10th Cir. 1993).

8. The issue for remand was a reexamination of Plaintiff's RFC. Looking back over the medical reports of Janet Hamilton, M.D., and Emmet Altman, M.D., dated March and June of 1994 respectively, the ALJ found that Plaintiff's functional limitations for standing, walking and sitting were not consistent with the requirements of light work. Tr. at 168; see also 181. On remand, the ALJ determined that "for times through May 31, 1994, Mr. Moraga probably had a residual functional capacity for less than sedentary work." Tr. at 168.

9. However, the ALJ concluded that commencing June 1, 1994, Mr. Moraga had the RFC for a full range of sedentary work. Tr. at 170. He noted that Mr. Moraga had not submitted any medical records subsequent to the hearing except for an x-ray done in 1997 diagnosing Plaintiff with spondylolysis and spondylolisthesis of the lumbar spine, and a followup visit to Presbyterian

Healthcare Services for the purpose of obtaining an updated "certificate of disability." Tr. at 202-206. The latter contained no discussion of Plaintiff's condition, and the ALJ was correct in his evaluation of this report as having "no evidentiary value," since it shed no light on Plaintiff's ability to perform work or on any of his functional limitations.

      10. Although Plaintiff contends that the ALJ should have obtained additional medical evidence, he does not specify what that evidence should have been, or where it should have come from. I note that the only valuable piece of additional medical evidence submitted for that time period after June 1994, in that it relates specifically to Plaintiff's work-related abilities, was a medical consult done at the request of the Commissioner on remand. The examination was performed by a DDS physician, Dr. Frank Jones. Tr. at 191-94. Dr. Jones' assessment indicated that Plaintiff could perform medium exertional work, finding that Mr. Moraga could lift and carry 50 pound weights occasionally, and 25 pound weights frequently; and that walking, standing and sitting were not affected or impaired by Plaintiff's impairment. Tr. at 195-96.

      11. While the ALJ adopted Dr. Jones' findings, he did not adopt the doctor's conclusion regarding RFC. Considering the long-standing nature of Plaintiff's back condition, the ALJ instead concluded that Mr. Moraga had the capacity for a full range of sedentary -- not medium-- work. Tr. at 170.

      12. While the ALJ has the duty to develop the record, the Plaintiff maintains the initial burden during the initial steps of the inquiry. Flint v. Sullivan, 951 F.2d 264, 267 (10th Cir. 1991). By ordering the medical consult, the ALJ satisfied his obligation to supplement the record in order to address the issues remanded by the federal district court.

**Second and Seventh Alleged Errors**

13. Plaintiff's second and seventh errors relate to the ALJ's faulty analysis of Plaintiff's complaints of pain and his credibility, which are interrelated, since the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true. SSR-96-7p.

14. Plaintiff submits that the ALJ made an inappropriate analysis of his pain symptoms. However, as support for this argument, he refers to reports in the transcript which are dated prior to 1994, the time period for which the ALJ had already decided that Mr. Morega was disabled. . Such reports are not helpful for the time period subsequent to May 1994.

15. Not all pain is disabling and the fact that plaintiff cannot work without some pain or discomfort is not sufficient cause to hold that plaintiff is entitled to social security disability benefits. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir. 1990). Plaintiff must do more than show a pain-producing impairment, but whether, considering all the evidence, both objective and subjective, his pain is in fact disabling. Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987).

16. I find that the ALJ adequately supported his finding of noncredibility with evidence from the record, noting: an inconsistency between Plaintiff's reported symptoms of disabling pain and the post-June 1994 medical evidence, Tr. at 169; Dr. Jones' diagnosis of marked symptom magnification, Tr. at 169, 193; presentation of other "multiple complaints" which Plaintiff raised at the hearing, but which have no documentation at all in the record. The ALJ summed up his analysis by stating that Mr. Moraga "was not a credible witness." Tr. at 169.

17. As the ALJ noted, there were no notes of record of medical treatment after June 1994. Tr. at 169. Mr. Moraga listed six pain medications for treatment of his symptoms, but, as the ALJ also noted, there is no record of their having been prescribed, and the date of prescription listed by

Plaintiff is 1998 and 1999, around the time he needed an updated "certificate of disability." Tr. at 207.

    18.    It has been recognized that "some claimants exaggerate symptoms for purposes of obtaining government benefits, and deference to the factfinder's assessment of credibility is the general rule." Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987). Further, subjective measures of credibility are peculiarly within the judgment of the ALJ. See Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988).

**Third Alleged Error**

    19.    Plaintiff alleges that the ALJ failed to apply the medical improvement standard to Plaintiff without substantive medical evidence to support his conclusion.

    20.    A medical improvement is related to a claimant's ability to work if there has been a decrease in the severity of the impairment and increase in the claimant's functional capacity to do basic work activities. 20 C.F.R. § 404.1594(b)(3); see also Glenn v. Shalala, 21 F.3d 983, 986-87 (10th Cir. 1994).

    21.    Notwithstanding the pre-1994 medical reports of Drs. Swajian (dated 1989), Gelinas (1989), Hamilton (1984), and Altman (June 1, 1994), the record contains evidence which supports the ALJ's conclusion that Plaintiff demonstrated "significant medical improvement." Tr. at 169. The report of Dr. Altman indicated that Plaintiff could not do heavy or laborious work. This is not inconsistent with the ALJ's finding that Mr. Moraga can do sedentary work. This finding is further bolstered by Dr. Jones' report and opinion.

**Fourth Alleged Error**

    22.    Plaintiff contends that the ALJ failed to accurately determine claimant's RFC according to SSR 96-8p, which provides that the RFC assessment must be based on all of the

relevant evidence in the case record. I find no error on this issue. As discussed above, the ALJ reviewed all the available and relevant medical evidence in the record, and conducted an inquiry regarding Plaintiff's physical abilities and functional limitations according to 20 C.F.R. §i404.1545.

**Fifth and Sixth Alleged Errors**

23. Plaintiff's Fifth and Sixth Errors involve dovetailing inquiries. Plaintiff contends that the ALJ erred in relying on the medical-vocational grids when they were inapplicable due to Plaintiff''s severe pain, and that the ALJ failed to seek a vocational expert's opinion regarding Plaintiff's work capabilities when it was necessary.

24. In this case, although the ALJ based his conclusion that Plaintiff is not disabled on Dr. Jones' evaluation and report, he nevertheless was "reluctant" to adopt Dr. Jones' conclusion that Mr. Moraga could perform a full range of medium work. Instead, the ALJ concluded that Plaintiff was restricted to sedentary work. Tr. at 170; cmp., Quevedo v. Chater, (Text, table, in WL),1995 WL 337993 (N.D.Cal.)(evidence in record from medical reports that pain level was generally mild and that claimant had not sought a regular course of medical treatment after 1997 supported conclusion that claimant could perform *either* a restricted range of light work *or* full range of sedentary work) (emphasis added).

25. I find no error on this issue. An ALJ may rely on the grids when evaluating non-exertional impairment if plaintiff's testimony is not entirely credible, Castellano v. Sec'y of HHS, 26 F.3d 1027, 1029 (10th Cir. 1994), as occurred in this case.

26. Thus, the ALJ's use of the grids was not in error. See Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989) (mere presence of non-exertional impairments do not automatically preclude reliance on the grids; it must interfere with the ability to work). Because the ALJ's reliance on the

grids was appropriate, a vocational consult was not necessary.  Cmp.,Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (if the claimant's nonexertional limitations are significant enough to reduce further her work capacity, the ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled).

27. In sum, I find that the ALJ did not err on any of the issues raised by Plaintiff.

**Recommendation**

I recommend that Plaintiff's Motion to Reverse and Remand for a Rehearing **(Doc. 5)** be DENIED and this cause of action DISMISSED WITH PREJUDICE.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE